UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-CV-62155

MISMA RIVERA,

    Plaintiff,

v.

DEBT RECOVERY SOLUTIONS, LLC,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**<u>INJUNCTIVE RELIEF SOUGHT</u>**

Plaintiff MISMA RIVERA ("Plaintiff"), by and through undersigned counsel, seeks redress for the illegal practices of Defendant DEBT RECOVERY SOLUTIONS, LLC ("Defendant"), *to wit*, for Defendant's violations of 15 U.S.C §1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

**<u>JURISDICTION AND VENUE</u>**

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Supplemental jurisdiction exists for the claims arising under FCCPA pursuant to 28 U.S.C. §1367.

3. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

5. Defendant is New York corporation, with its principal place of business located in Syosset, New York.

6. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

7. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## DEMAND FOR JURY TRIAL

8. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

9. The debt at issue is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

10. In particular, the debt at issue (the "Consumer Debt") represents an amount Plaintiff allegedly owed to the original creditor, Hoffman Park Emergency Physicians, for the provision of medical services to Plaintiff.

11. At all times material hereto, the Consumer Debt was a debt barred by the applicable statute of limitations. *See* Fla. Stat. § 95.11.

12. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

13. Defendant is a business entity engaged in the business of collecting consumer debts.

14. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15. Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency." Defendant's "Consumer Collection Agency" license number is CCA0900645.

16. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(5); Fla. Stat. §559.55(6).

17. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a(3).

18. Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(6); Fla. Stat. §559.55(7).

19. On a date better known by Defendant, Defendant began attempting collect the Consumer Debt from Plaintiff.

20. On a date better known by Defendant, Defendant mailed Plaintiff a collection letter, dated July 17, 2019, in an attempt to collect the Consumer Debt.

21. Upon receiving the Collection Letter, Plaintiff called Defendant to, among other things, dispute the validity of the Consumer Debt. During Plaintiff's telephone call with Defendant, Plaintiff asked whether the Consumer Debt was barred by the applicable statute of limitations. Defendant responded by falsely stating that the Consumer Debt was not barred by the applicable statute of limitations.

### *COUNT I.*
### **VIOLATION OF 15 U.S.C. § 1692e(2)(A)**

22. Plaintiff incorporates by reference paragraphs 1-21 of this Complaint as though fully stated herein.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

23. Pursuant to § 1692e of the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," *see generally* 15 U.S.C. § 1692e, and thereafter, provides a non-exhaustive list of conduct which violates said section of the FDCPA, of which includes "[t]he false representation of the character, amount, or legal status of any debt." *See* 15 U.S.C. § 1692e(2)(A).

24. As stated above, the Consumer Debt is a time-barred debt, and at all times material hereto – especially at the time Plaintiff called Defendant to dispute the validity of the Consumer Debt – the Consumer Debt was barred by the statute of limitations, as Plaintiff defaulted on the Consumer Debt more than five (5) years prior to the date upon which Defendant began attempting to collect it (the Consumer Debt) from Plaintiff.

25. Here, Defendant violated § 1692e(2)(A) of the FDCPA by falsely representing the character and/or legal status of the Consumer Debt, *in that*, during the abovementioned phone call between Defendant and Plaintiff, Defendant falsely that the Consumer Debt *was not* barred by the statute of limitations.

26. Defendant's false representation regarding the character and/or legal status of the underlying debt, *namely*, by falsely stating that the underling was *not* barred by the statute of limitations, causes the least sophisticated consumer to mistakenly believe, among other things, that the current creditor of the underlying debt could lawfully and/or legally sue the least sophisticated consumer to collect the underlying debt.

27. Accordingly, by and through Defendant's false statement to Plaintiff regarding whether the Consumer Debt was barred by the applicable statute of limitations, Defendant violated § 1692e(2)(A) of the FDCPA.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## *COUNT II.*
## **VIOLATION OF FLA. STAT. § 559.72(9)**

28. Plaintiff incorporates by reference paragraphs 1-27 of this Complaint as though fully stated herein.

29. Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist*." Fla Stat. § 559.72(9) (emphasis added).

30. As stated in more detail in *Count I*, Defendant falsely stated to Plaintiff that the Consumer Debt was *not* barred by the applicable statute of limitations.

31. Prior to mailing the collection letter, dated July 17, 2019, Defendant *knew* that the Consumer Debt was a time-barred debt, *in that*, the Consumer Debt was barred by the applicable statute of limitations. *See* Fla. Stat. § 95.11. Accordingly, Defendant violated § 559.72(9) of the FCCPA by falsely claiming that the Consumer Debt was not barred by the applicable statute of limitations during the abovementioned phone call between Defendant and Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory damages, as provided by 15 U.S.C. §1692k;

(b) Statutory damages, as provided by Fla. Stat. §559.77(2);

(c) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(d) Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. §559.77(2); and

(e) Any other relief that this Court deems appropriate and just under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

DATED: August 27, 2019

                                      Respectfully Submitted,

                                       /s/ Jibrael S. Hindi
                                    **JIBRAEL S. HINDI, ESQ.**
                                    Florida Bar No.: 118259
                                    E-mail:    jibrael@jibraellaw.com
                                    **THOMAS J. PATTI, ESQ.**
                                    Florida Bar No.: 118377
                                    E-mail:    tom@jibraellaw.com
                                    The Law Offices of Jibrael S. Hindi
                                    110 SE 6th Street, Suite 1744
                                    Fort Lauderdale, Florida 33301
                                    Phone:      954-907-1136
                                    Fax:           855-529-9540

                                    *COUNSEL FOR PLAINTIFF*

PAGE | **6** of **6**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com